IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JOHN FERDINAND FREITAS, | ) | CIVIL NO. 19-00388 JAO-KJM |
|---|---|---|
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION AND |
| | ) | DENYING CERTIFICATE OF |
| vs. | ) | APPEALABILITY |
| | ) | |
| HIROMICHI KOBAYASHI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner John Ferdinand Freitas ("Petitioner") is incarcerated at the Federal Detention Center ("FDC") in Honolulu, Hawaiʻi for revocation of his supervised release. Pet. at 1. He filed the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(c) alleging that the execution of his sentence is unlawful because it violates: (1) the Eight Amendment's proscription of cruel and unusual punishment as well as his Fifth and Fourteenth due process guarantees; (2) the First and Fourteenth Amendments by interfering with his access to the courts; and (3) the First Amendment right to free exercise of religion and freedom of speech. *Id.* at 2-7. For the reasons articulated below, the Court DISMISSES the Petition for lack of jurisdiction and DENIES a certificate of appealability.

## STANDARD OF REVIEW

When a federal or state prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States," § 2241 confers a general grant of habeas jurisdiction. 28 U.S.C. § 2241(a) and (c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), also applicable to § 2241,[1] requires courts to conduct a preliminary review of each petition for writ of habeas corpus. Rule 4. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the district court must summarily dismiss the petition. *Id.* The district court should not dismiss a habeas petition "without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

---

[1] Rule 1(b).

## DISCUSSION

A. <u>Petitioner is not Entitled to Habeas Relief</u>

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Habeas relief extends to a prisoner in custody under the authority of the United States. 28 U.S.C. § 2241. A petitioner challenging the manner, location, or conditions of the execution of his sentence must file a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g.*, *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990) (distinguishing between a § 2255 petition, which tests the imposed sentence, with a § 2241, which tests the sentence "as it is being executed"). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad*, 540 U.S. at 750 (citation omitted); *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (holding that a prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence).

By contrast, claims that challenge conditions of confinement, and which would not necessarily impact the fact or duration of confinement do not fall within "the core of habeas corpus" and must be brought under § 1983. *Nettles*, 830 F.3d

3

at 934-35; *Muhammad*, 540 U.S. at 750 ("[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action."). In the federal context, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides a remedy for civil rights violations by federal actors.

Here, although Petitioner characterizes the execution of his sentence as unlawful and requests a reduction in the level of his custody, his allegations solely concern the manner in which the conditions of his confinement purportedly violate his Constitutional rights. He does not challenge the duration, legality, or actual execution of his sentence, nor the legality of the revocation of his supervised release. As earlier noted, Petitioner asserts that his First, Eighth, and Fourteenth Amendments are being violated because a security review officer failed to comply with statutory requirements concerning his administrative detention/disciplinary segregation status; his medical needs have not been met; his legal documents were confiscated; and he has been deprived of access to the courts and spiritual/religious programming.[2] Pet. at 2-7. Such claims are not cognizable pursuant to § 2241.

---

[2] These allegations are more detailed than those asserted in Petitioner's previously filed Petition for Writ of Habeas Corpus in Civil No. 19-00203 JAO-WRP, which the Court dismissed. However, as before, they pertain to the conditions of his confinement, not the execution, duration, or fact of his sentence.

Even if the Court granted leave to amend, it does not appear that Petitioner could plead a viable claim for habeas relief. Accordingly, the Petition is DISMISSED.

B. Recharacterization of the Petition is Inappropriate

In appropriate circumstances, courts have the discretion to convert a habeas petition to a prisoner civil rights complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006); *Nettles*, 830 F.3d at 936 (holding that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983). However, recharacterization is appropriate only if the petition is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. *Nettles*, 830 F.3d at 936.

The Court finds that recharacterization would be inappropriate in this case for multiple reasons. First, prisoner civil rights actions are subject to different requirements than are federal habeas proceedings, including higher filing fees. The filing fee for a prisoner civil rights complaint proceeding in forma pauperis is $350.00[3] compared to the substantially lower $5.00 filing fee for habeas petitions.

---

[3] The $400.00 filing fee for a civil action includes a $50.00 administration fee, which does not apply to applications for a writ of habeas corpus or to individuals

28 U.S.C. § 1914(a). The $350.00 fee may be deducted in full over time from a qualified prisoner's prison trust account. 28 U.S.C. § 1915(b)(1). Petitioner may be unwilling to pay the considerably higher filing fee for a civil rights action.[4]

Second, the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of a prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 523, 532 (2002) ("[F]ederal prisoners suing under *Bivens* [] must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."). Exhaustion is a prerequisite to bringing a civil rights action that cannot be excused by a district court. *Woodford*, 548 U.S. at 85; *Booth v. Churner*, 532 U.S. 731, 739 (2001). Petitioner claims that because he has been deprived of the right to utilize the administrative remedy program, the PLRA's exhaustion requirement is

---

granted in forma pauperis status. 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14.

[4] This is evidenced by his repeated effort to seek habeas relief even after the Court denied relief on the same grounds currently presented and pointed out that conditions of confinement claims should be asserted under 42 U.S.C. § 1983.

effectively unavailable to him. It therefore appears that he has not exhausted inmate grievance procedures.

Finally, habeas petitions and civil rights actions are governed by different pleading standards. Federal Rule of Civil Procedure 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Proc. 8(a)(2), whereas Habeas Rule 2(c) requires a more detailed statement. The Habeas Rules instruct petitioners to "specify all the grounds for relief available" and "the facts supporting each ground." Rule 2(c). Petitioner's inartfully pled claims satisfy neither of these standards and are subject to dismissal with leave to amend. There is no point in requiring him to amend his claims, however, if he is not inclined to raise them under *Bivens*. Moreover, Petitioner has not necessarily named the proper defendants and the relief he seeks here may not necessarily be the same relief he might seek in a civil rights action. Accordingly, the Court declines to recharacterize the action.

## CONCLUSION

(1) The Petition is DISMISSED without prejudice, but without leave to amend.

(2) To the extent Petitioner raises conditions of confinement claims that do not impact the duration or fact of his detention, those claims are DISMISSED without prejudice to raising them in a civil rights action.

(3) Petitioner cannot make a substantial showing that reasonable jurists would find the dismissal of his Petition either debatable or incorrect, therefore any request for a certificate of appealability is DENIED. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); Rule 11(a).

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, July 31, 2019.



Jill A. Otake
United States District Judge